1
2
3
4
5
6 **UNITED STATES DISTRICT COURT**
7 **DISTRICT OF NEVADA**
8
9 VITALY ZAKOUTO,

10    *Petitioner*,                                    3:17-cv-00046-LRH-VPC

11 vs.                                                 ORDER

12
   ISIDRIO BACA, *et al.*,
13
      *Respondents*.
14

15      This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application

16 (ECF No. 1) to proceed *in forma pauperis* and his motion (ECF No. 4) for appointment of counsel.

17      On the pauper application, the Court finds that the financial materials did not establish at the

18 time that the action was filed that petitioner would be able to pay the filing fee within a reasonable

19 period of time, particularly also taking into account the health issues referenced *infra*. The application

20 therefore will be granted, and petitioner will not be required to pay the filing fee.

21      Turning to the counsel motion, there appear to be potential issues as to, *inter alia*, whether the

22 petition is successive, following upon the prior merits dismissal in No. 2:06-cv-00133-JCM-LRL, and

23 further whether the petition is untimely. However, the Court is persuaded that the interests of justice

24 require the appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B) to litigate these and other issues

25 in the case, given, *inter alia*, allegations that: (1) petitioner's native tongue is Hebrew, with only limited

26 English skills; (2) he is visually impaired; (3) at 68 years old, he additionally has, *inter alia,*

27 hypertensive and diabetic conditions; and (4) he is serving consecutive sentences of life without the

28 possibility of parole.

1    IT THEREFORE IS ORDERED that the application (ECF No. 1) to proceed *in forma pauperis*

2   is GRANTED, that petitioner shall not be required to pay the filing fee, and that the Clerk of Court shall

3   file the petition.

4    IT FURTHER IS ORDERED that petitioner's motion (ECF No. 4) for appointment of counsel

5   is GRANTED. The counsel appointed will represent petitioner in all federal proceedings related to this

6   matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

7    IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed

8   as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate

9   to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public

10  Defender is unable to represent petitioner, the Court then shall appoint alternate counsel.

11    IT FURTHER IS ORDERED, so that the respondents may be electronically served with any

12  papers filed through counsel, that the Clerk shall add state attorney general Adam P. Laxalt as counsel

13  for respondents and shall make electronic service of this order upon respondents by directing a notice

14  of electronic filing to him. Respondents' counsel shall enter a notice of appearance within **twenty-one**

15  **(21) days** of entry of this order and further shall proceed as directed in the following paragraph.

16    IT FURTHER IS ORDERED that, in the event that the Federal Public Defender undertakes

17  representation in this matter, within **sixty (60) days** of entry of this order, counsel for petitioner and

18  respondents shall confer together and submit, jointly if possible or separately if not, a proposed

19  scheduling order for the initial proceedings in this case which variously may involve, *inter alia*, deferred

20  action in this matter pending a counseled application to the Court of Appeals for permission to pursue

21  a second or successive petition, proceedings in the district court initially on potential defenses, or

22  instead the filing of a counseled amended petition prior to assertion of potential defenses. Regardless

23  of any such scheduling order entered herein, any deadline established and/or any extension thereof will

24  not signify any implied finding of a basis for tolling during the time period established. Petitioner at

25  all times remains responsible for calculating the running of the limitation period and timely presenting

26  claims. That is, by setting a deadline and/or by granting any extension thereof, the Court makes no

27  finding or representation that the petition, any amendments thereto, and/or any claims contained therein

28  are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

1    The Clerk accordingly shall send a copy of this order to the *pro se* petitioner, the Nevada

2  Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

3        The Clerk further shall provide copies of all prior filings herein to both the Attorney General

4  and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as

5  regeneration of notices of electronic filing.

6        DATED this 29th day of September, 2017.

7

8        _____

9        LARRY R. HICKS
         UNITED STATES DISTRICT JUDGE