# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

VITALY ZAKOUTO,

    *Petitioner*,

vs.

ISIDRIO BACA, *et al.*,

    *Respondents*.

3:17-cv-00046-LRH-VPC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on the represented petitioner's motion (ECF No. 14) to stay, which is opposed. Petitioner seeks a stay pending the completion of ongoing state court appellate proceedings regarding petitioner's previously *pro se* request to have the DNA evidence in his state criminal case retested, in which counsel has intervened.

    In the order appointing counsel, the Court noted the issues apparent on the face of the petition as to the petition being possibly successive and untimely. The Court's concern, however, was as to process and in particular as to petitioner's ability to effectively seek any basis for relief that perhaps might be available to him in the posture presented. These concerns arose given, *inter alia*, allegations that: (1) petitioner's native tongue is Hebrew, with only limited English skills; (2) he is visually impaired; and (3) at now 69 years old, he additionally has, *inter alia,* hypertensive and diabetic conditions. Petitioner currently is serving consecutive sentences of life without the possibility of parole for first-degree murder with the use of a deadly weapon. (ECF No. 6, at 1.)

    The order noted that proceedings in this matter potentially might "involve, *inter alia*, deferred action in this matter pending a counseled application to the Court of Appeals for permission to pursue

a second or successive petition, proceedings in the district court initially on potential defenses, or instead the filing of a counseled amended petition prior to assertion of potential defenses." The order accordingly provided for input from both counsel prior to entering a further scheduling order. (ECF No. 6, at 2.)

The Court is persuaded that the stay requested would be in the interests of justice. The Court's concern again is one of process given the petitioner's asserted English language limitations and physical impairments. The Court contemplated at the time of the appointment that counsel potentially would conduct investigation to determine whether a factual argument could be made that potentially could overcome the possible successive nature of the petition pursuant to 28 U.S.C. § 2244(b)(2)(B) and potentially also the untimeliness of the petition based upon a likely overlapping argument. The currently already pending state court proceedings are not inconsistent with such an effort.

Respondents contend that the Court does not have jurisdiction over a successive petition. However, while the successive-petition issue goes to the jurisdiction of the district court, the Court nonetheless has jurisdiction to determine its jurisdiction, and to allow an inquiry related to that issue by appointed counsel. *See, e.g., United States v. United Mine Workers of America*, 330 U.S. 258, 290-91 (1947)(discussing *United States v. Shipp*, 203 U.S. 563 (1906)). A district court further has a measure of discretion as to the order in which it addresses non-merits issues, including issues going to its jurisdiction. *See, e.g., Sinochem International Co. Ltd v. Malaysia International Shipping Corp.*, 549 U.S. 422, 431-32 (2007); *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 585-86 (1999); *see also Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, (9th Cir. 2011)(the holding *Sinochem* extends also to the order in which a district court takes up non-merits issues during the litigation prior to any dismissal). At present, the Court has not yet directed that issue be joined conclusively on the successive-petition issue. It instead has appointed counsel so that petitioner's alleged limited English language skills and physical impairments do not compromise his ability to litigate the issue and seek appropriate relief with respect to the issue.

Respondents challenge the sufficiency of the claims alleged in the *pro se* petition. However, when the Court finds that the interests of justice require the appointment of counsel, the Court generally does not address the sufficiency of the allegations in a *pro se* federal habeas petition or other issues

-2-

1 pertaining to that petition prior to the possible filing of a counseled amended petition following an
2 adequate investigation. In such cases, appointment of counsel and independent investigation by counsel
3 generally is required to assure the adequacy of the process in adjudicating the claims and defenses that
4 thereafter remain before the Court.

5 Respondents further maintain that a stay in this context is not supported by *Rhines v. Weber*, 544
6 U.S. 269 (2005). *Rhines* does not directly govern the present situation, however, as petitioner is not
7 seeking a stay at this point in order to exhaust claims, such as a *Brady* claim, in the state courts. *Rhines*
8 does not necessarily rule out stays in other contexts such as the present one. *See Rhines*, 544 U.S. at
9 276 (AEDPA does not deprive district courts of the authority generally to issue stays, although it does
10 circumscribe their discretion); *see also King v. Ryan*, 564 F.3d 1133, 1138-41 (2009)(holding that
11 *Rhines* did not abrogate prior Ninth Circuit case law permitting a stay for exhaustion under different
12 circumstances and standards). The stay requested here is for a likely brief interval required to complete
13 appellate proceedings in an already-commenced state proceeding that potentially could have a bearing
14 on the successive-petition and timeliness issues potentially implicated in this proceeding. The Court
15 finds that the stay requested is in the interests of justice and does not unduly impair the interests of
16 finality, efficiency and comity served by AEDPA.

17 The Court is persuaded that justice properly may stay her hand briefly, so that, at the very least,
18 petitioner may have the effective benefit of the assistance of counsel in seeking whatever relief properly
19 may be available to him at this point in time.

20 The Court expresses no opinion as to whether any further relief appropriately may be available
21 in the federal proceedings if relief is denied in the current state appellate proceedings. The current order
22 merely stays the federal proceedings pending the final resolution of the state proceedings.

23 IT THEREFORE IS ORDERED that petitioner's motion (ECF No. 14) to stay is GRANTED
24 and that this matter shall be STAYED until reopened by the Court, on motion or *sua sponte*, subject
25 to the conditions set forth below.

26 IT FURTHER IS ORDERED that the grant of a stay is conditioned upon petitioner returning
27 to federal court, within sixty (60) days of issuance of the remittitur by the Supreme Court of Nevada
28 at the conclusion of the current state appellate proceedings, with a motion either to reopen the federal

proceedings or to extend the stay for any further proceedings in the state courts and/or any testing being conducted if the relief requested is granted by the state courts. Petitioner shall attach with any such motion copies of the intervening state court decisions and of any further state court filings pertinent to the motion. No hard copies of same need be submitted. Failure to timely file a motion as provided for herein may result in entry of a final judgment dismissing the action without prejudice.

IT FURTHER IS ORDERED that the Clerk of Court shall ADMINISTRATIVELY CLOSE this action until such time as the Court reopens the matter, either on motion or *sua sponte*. Any party may move to reopen the matter at any time. The reopened matter will proceed under the same docket number.

DATED this 4th day of May, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE